# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RAYMOND WRIGHT,

               Plaintiff,

    v.

R. SHANNON, et al.,

               Defendants.

-

_____/

CASE NO. 1:05-cv-01485-LJO-YNP PC

ORDER REQUIRING PLAINTIFF EITHER TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CERTAIN CLAIMS, OR TO FILE AMENDED COMPLAINT

(Doc. 33)

RESPONSE DUE WITHIN 30 DAYS

Plaintiff Raymond Wright ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and was incarcerated at Pleasant Valley State Prison ("PVSP") at the time the events in his complaint took place. Plaintiff is suing under section 1983 for the violation of his rights under the First, Eighth, and Fourteenth Amendments. Plaintiff names R. Shannon, T. Hudgins, E. Parks, M. C. Voss, James A. Yates, J. M. Mattingly, J. L. Scott, L. Fugate, D. Huckaby, R. Lantz, J. Collier, C. O. Redding, S. Deshazo, John Doe #1, John Doe #2, E. Zamora, A. Romero, J. A. Perez, I. Villa, L. Wiest, "Third Watch Central Control Defendants," and Rumbles as defendants. For the reasons set forth below, the Court finds that Plaintiff's complaint states some cognizable claims. Plaintiff will be ordered to either notify the Court of his willingness to proceed only on his Eighth Amendment claim against Defendants Rumbles and John Doe #1, or to file an amended complaint which cures the deficiencies in his claims.

1

1

**I.    Screening Requirement**

2      The Court is required to screen complaints brought by prisoners seeking relief against a

3 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

4 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

7 "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

8 dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

9 claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

10      In determining whether a complaint fails to state a claim, the Court uses the same pleading

11 standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must

12 contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.

13 R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual

14 allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

15 accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v.

16 Twombly, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter,

17 accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550

18 U.S. at 570).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's

19 liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Id.

20 (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual

21 allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.

22 Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

23 statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).

24

**II.    Background**

25

    **A.    Procedural Background**

26      Plaintiff filed the original complaint in this action on November 11, 2005.  (Doc. #1.)

27 Plaintiff filed his first amended complaint on March 9, 2006.  (Doc. #15.)  After filing multiple

28 motions to amend his complaint (Docs. #28, 30) the Court granted Plaintiff leave to amend (Doc.

#32) and Plaintiff filed his second amended complaint on November 21, 2006 (Doc. #33).  This action proceeds on Plaintiff's second amended complaint.

### B.    Factual Background

Plaintiff alleges that his constitutional rights were violated by Defendants while he was incarcerated at PVSP.  Plaintiff's complaint claims that his rights under the First, Eighth, and Fourteenth Amendments were violated by prison officials who ignored Plaintiff's inmate appeals, found Plaintiff guilty of a false rules violation report, and retaliated against Plaintiff by housing him with a dangerous cellmate.  Plaintiff's complaint seeks compensatory and punitive damages.[1]

### 1.    Claims Against R. Shannon, T. Hudgins, E. Parks, and M. C. Voss

Plaintiff alleges that Defendants R. Shannon, T. Hudgins, E. Parks, and M. C. Voss are inmate appeals coordinators at PVSP.  Plaintiff claims that Shannon, Hudgins, Parks, and Voss implemented a "greenwall" code of silence whereby Plaintiff's inmate appeals complaining about prison officials' misconduct would be delayed, denied, or ignored.  Specifically, Plaintiff attempted to file an inmate appeal complaining about the fact that he was found guilty of a false rules violation (attempting to escape).  Plaintiff claims that the appeals coordinators would use an endless list of excuses to frustrate Plaintiff's "right to appeal," such as instructing Plaintiff to exclude attached documentation or requesting Plaintiff to rewrite appeals.  Plaintiff also claims that appeals coordinators would wrongfully screen out or simply trash Plaintiff's appeals.  Plaintiff claims their actions violated his rights under the First, Eighth, and Fourteenth Amendments.

### 2.    Claims Against James A. Yates

Plaintiff alleges that Defendant James A. Yates is the warden at PVSP.  Plaintiff alleges that Yates was fully aware of the existence of a surveillance tape that would have served as exculpatory evidence in Plaintiff's rules violation hearing for attempted escape.  Plaintiff claims that Yates should have instructed his subordinates to review the surveillance tape in order to prove Plaintiff's innocence.  Plaintiff also claims that he forwarded a complaint to Yates about appeals coordinators denying and ignoring his inmate appeals.  Yates later ignored a note from Plaintiff requesting that

---

[1]Plaintiff also states that he seeks injunctive relief, but Plaintiff does not describe what sort of injunctive relief he is seeking.

1   Yates return the complaint back to him.  Plaintiff claims that Yates' actions violated his rights under
2   the First, Eighth, and Fourteenth Amendments.

3   **3.      Claims Against J. M. Mattingly**

4   Plaintiff alleges that Defendant J. M. Mattingly is the associate warden at PVSP and is
5   responsible for ensuring that inmates are safely housed.  Plaintiff also alleges that Mattingly has the
6   authority to overturn findings of guilt for rules violations.  Plaintiff claims that he submitted a
7   "request for interview" to Mattingly concerning the confidential inmate witnesses used by prison
8   officials to find Plaintiff guilty of attempting to escape.  Plaintiff complained that the witnesses
9   should have undergone a polygraph test to determine the reliability of their testimony.  Plaintiff also
10  complained that most of Plaintiff's witnesses were not allowed to attend the rules violation hearing.
11  Plaintiff submitted a second "request for interview" that complained about the investigative
12  employee's failure to ask Plaintiff's "star witness" certain questions that Plaintiff provided.  Plaintiff
13  submitted a third "request for interview" that complained about the "prejudiced" hearing.

14  Plaintiff also claims that Mattingly is responsible for the safe housing of "protective custody
15  prisoners."  Plaintiff alleges that he was housed with at least 10 different incompatible cellmates in
16  retaliation for filing staff complaints, which resulted in three in-cell fights with cellmates.  Plaintiff
17  claims that Mattingly violated Plaintiff's rights under the First, Eighth, and Fourteenth Amendments.

18  **4.      Claims Against J. L. Scott**

19  Plaintiff alleges that Defendant J. L. Scott is a lieutenant at PVSP.  Scott officiated Plaintiff's
20  rules violation hearing for attempted escape.  Plaintiff complains that Scott prohibited 13 of
21  Plaintiff's witnesses from attending the hearing and only allowed adverse witnesses to attend.
22  Plaintiff was found guilty of the rules violation.  As a result, Plaintiff lost 120 days of credits, lost
23  his "privilege group A1A status", lost privileges, lost his prison job, and suffered mental and
24  physical pain from elevated blood pressure and weight loss due to the stress of worrying about
25  whether he would be criminally prosecuted.  Plaintiff claims that Scott violated Plaintiff's rights
26  under the Eighth and Fourteenth Amendments.

27  ///
28  ///

4

### 5.     Claims Against Deshazo and John Doe #2

Plaintiff alleges that Defendants Deshazo and John Doe #2 are officers at PVSP.  Plaintiff claims Deshazo sexually assaulted Plaintiff.  Plaintiff claims that John Doe #2 should be included as a defendant and that his identity will be sought during discovery.  However, Plaintiff does not state what John Doe #2 did or failed to do.  Plaintiff claims that Deshazo and John Doe #2 violated Plaintiff's rights under the Eighth and Fourteenth Amendments.

### 6.     Claims Against E. Zamora

Plaintiff alleges that Defendant E. Zamora is an officer at PVSP.  Plaintiff claims Zamora wrongfully confiscated Plaintiff's personal property and refused to respond to Plaintiff's complaints.  Plaintiff claims that Zamora violated Plaintiff's rights under the First, Fourth, and Fourteenth Amendments.

### 7.     Claims Against J. A. Perez, I. Villa, L. Wiest and A. Romero

Plaintiff alleges that J. A. Perez is an investigative services unit officer, I. Villa is an officer, L. Wiest is employed as "free kitchen staff," and A. Romero is a kitchen officer at PVSP.  Plaintiff complains that Perez, Villa, Wiest, and Romero authored a false incident report that was used to find Plaintiff guilty of attempting to escape.  Plaintiff claims that Perez, Villa, Wiest, and Romero violated his rights under the Eighth and Fourteenth Amendments.

### 8.     Claims Against Rumbles and John Doe #1

Plaintiff alleges that Defendants Rumbles and John Doe #1 are officers at PVSP.  Plaintiff complains that Rumbles sexually harassed Plaintiff and twice challenged Plaintiff to a physical altercation.  Plaintiff also claims that Rumbles had another guard, John Doe #1, physically assault Plaintiff.  John Doe #1 secured Plaintiff's handcuffs tightly and roughly escorted Plaintiff to a holding cell.  Plaintiff claims that Rumbles and John Doe #1 violated Plaintiff's rights under the Eighth and Fourteenth Amendments.

### 9.     Claims Against Central Control Defendants

Plaintiff alleges that "Central Control Staff" at PVSP violated his rights under the Fourteenth Amendment.  The Central Control Defendants accused Plaintiff of not being in his assigned cell during count and Plaintiff was accused of delaying count.  Plaintiff claims that he was supposed to

be at his assigned kitchen job and that his excuse was confirmed by the "daily movement sheet." Plaintiff claims that Central Control Defendants violated Plaintiff's rights under the Eighth Amendment and under the Equal Protection Clause of the Fourteenth Amendment.

### 10.   Claims Against Huckaby, Lantz, Fugate and Redding

Plaintiff alleges that Defendant Huckaby and Lantz are third watch sergeants at PVSP. Fugate is a counselor at PVSP and Redding is a floor officer at PVSP.  Huckaby "reviewed and supervised" Plaintiff's rules violation for attempted escape.  Plaintiff claims that Defendant Fugate knew that inmate Lyons threatened to kill Plaintiff.  Fugate did not alert Plaintiff of the threat despite the fact that Plaintiff encountered inmate Lyons on numerous occasions, giving Lyons multiple opportunities to carry out his threat.

On July 29, 2005, Plaintiff informed Defendants Redding and Huckaby of numerous threats that inmate Ford made against Plaintiff.  Plaintiff complains that Redding and Huckaby did nothing to protect Plaintiff.  Plaintiff staged a suicide attempt to protect himself.  When Plaintiff was released from suicide watch, Plaintiff told Huckaby and Defendant Latz about multiple enemies that resided on "Facility A."  Huckaby and Lantz attempted to force Plaintiff to remain in "Facility A" despite the threats.  After Plaintiff was housed in Facility A, Plaintiff flooded the tier so that he would be placed in the administrative segregation unit ("ASU").  Plaintiff claims that he submitted an appeal to Defendant Redding that addressed Plaintiff's safety issues.  However, Plaintiff does not allege what Redding did with the appeal, and it is unclear how Redding's response violated Plaintiff's rights.

### 11.   Claims Against J. Collier

Plaintiff alleges that Defendant J. Collier is a third watch relief ASU sergeant at PVSP. Plaintiff does not provide any allegations as to what Collier did or failed to do.  Plaintiff only concludes that he is "raising a retaliatory claim for initiating and maintaining lawsuits on PVSP officials along with threatening to subject Plaintiff to cruel and inhumane conditions of confinement under the Eighth Amendment against Defendant J. Collier."

///

///

1   **III.**   **Discussion**

2   **A.**   **Claims Barred By Heck v. Humphrey**

3   Plaintiff complains that his constitutional rights were violated when he was found guilty of

4   a false rules violation for attempting to escape and lost 120 days of credit.  Plaintiff's loss of credit

5   presumably caused the duration of his incarceration to be extended.  "[I]n order to recover damages

6   for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose

7   unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the

8   conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

9   invalid by a state tribunal authorized to make such determination, or called into question by a federal

10  court's issuance of a writ of habeas corpus. . . ."  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

11  "A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so

12  invalidated is not cognizable under § 1983."  Id. at 487.  "[W]hen a state prison seeks damages in

13  a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would

14  necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be

15  dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been

16  invalidated."  Id.  The rule in <u>Heck</u> applies to suits that would necessarily imply the invalidity of a

17  disciplinary hearing that results in a prisoner's sentence being extended due to the loss of good time

18  credits.  <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997).  The <u>Heck</u> rule applies to bar suits that both

19  challenge the erroneous results in disciplinary hearings, and also to bar suits that challenge the

20  procedures used in prison disciplinary hearings.  Id. at 646.

21  Plaintiff's complaint challenges the constitutionality of the disciplinary hearing that resulted

22  in him being found guilty of attempting to escape and resulted in Plaintiff's incarceration being

23  extended by the loss of 120 days worth of credit.  Plaintiff challenges both the procedures and the

24  result of the disciplinary hearing.  Plaintiff alleges that he was not allowed to present certain

25  witnesses on his behalf, was not allowed to ask important questions to witnesses, and that he did not,

26  in fact, attempt to escape.  A judgment in favor of Plaintiff on these claims would necessarily imply

27  the invalidity of the disciplinary hearing and loss of credits.  Plaintiff has neither alleged nor

28  demonstrated that the disciplinary hearing and rules violation was invalidated on appeal, expunged

7

by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Thus, Plaintiff's section 1983 claims based on the result and the procedures of his disciplinary hearing must be dismissed until Plaintiff can make such a demonstration. These claims include Plaintiff's claims against Defendant Yates for failing to require prison officials to consider Plaintiff's surveillance tape evidence during the disciplinary hearing, Plaintiff's due process claims against Defendant Mattingly for failing to respond to complaints about his disciplinary hearing, Plaintiff's claims against Defendant Scott for officiating Plaintiff's disciplinary hearing, Plaintiff's claims against Defendants Perez, Villa, Wiest, and Romero for authoring the rules violation report, and Plaintiff's claims against Defendant Huckaby for supervising and reviewing Plaintiff's rules violation. Those claims will be dismissed without prejudice.

## B. First Amendment Claims

### 1. Shannon, Hudgins, Parks, and Voss

Plaintiff claims that Defendants Shannon, Hudgins, Parks, and Voss violated the First Amendment by denying or ignoring Plaintiff's inmate appeals. The theory behind Plaintiff's First Amendment claim is unclear. Plaintiff does not specifically identify which First Amendment right has been violated and it is unclear how the facts alleged by Plaintiff support a First Amendment claim. The Court presumes that Plaintiff's theory is that he has a right under the First Amendment to file grievances complaining about prison official misconduct and that this right was somehow infringed by appeals coordinators who ignored or denied Plaintiff's inmate appeals.

Plaintiff does have a right under the First Amendment to file grievances complaining about prison official misconduct. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). However, the Court notes that Plaintiff was not prevented from filing grievances. Plaintiff complains that his First Amendment right was violated because he did not receive favorable responses. The Court is unable to find any precedent that suggests that prison officials are required under the Constitution to provide responses to valid grievances, or that the First Amendment requires grievances to be processed in a certain way. Even assuming that Plaintiff proves all the relevant facts in his favor, that he had legitimate grievances that were erroneously denied or ignored, the First Amendment does not

8

guarantee any particular form of redress for those grievances.  The Court notes that Plaintiff does not have a constitutional entitlement to a specific prison grievance procedure.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Therefore, Plaintiff's First Amendment rights were not violated by Defendants Shannon, Hudgins, Parks, and Voss when they denied or ignored Plaintiff's inmate appeals.  Plaintiff fails to state any cognizable claims against Defendants Shannon, Hudgins, Parks, and Voss for the violation of his First Amendment rights.

### 2.   Yates

Plaintiff claims that Defendant Yates violated Plaintiff's rights under the First Amendment. Plaintiff claims that he sent a complaint letter to Yates complaining that his inmate appeals were being denied and ignored.  Yates ignored Plaintiff's complaint and also ignored Plaintiff's request that Yates return the first complaint back to him.  The First Amendment does not guarantee that Plaintiff will receive a favorable response, or any response at all, from Yates with respect to his complaint.  Plaintiff fails to state a cognizable claim against Defendant Yates for the violation of his First Amendment rights.

### 3.   Mattingly

Plaintiff claims that Defendant Mattingly violated Plaintiff's rights under the First Amendment.  Plaintiff claims that he sent Mattingly multiple "requests for interview" complaining about the denial of witnesses at his rules violation hearing and other complaints about his "prejudiced" hearing.  Plaintiff's "requests for interview" were either denied or ignored.  It is unclear how Mattingly's actions implicate Plaintiff's First Amendment rights--the First Amendment does not guarantee responses to "requests for interview."  To the extent that Plaintiff is claiming Mattingly should have intervened and prevented the procedural violations at his disciplinary hearing from occurring, his claims are barred by Heck.  See discussion supra Part III.A.  Plaintiff fails to specify which rights are at issue or explain how Mattingly's actions violated those rights.

Plaintiff also claims that he was housed with incompatible inmates in retaliation for filing staff complaints.   In the prison context, allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  Rizzo

v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Plaintiff does not allege that Mattingly was the official who housed Plaintiff with incompatible inmates. Plaintiff only alleges that he is the associate warden in charge of keeping inmates housed safely. Plaintiff does not allege that he informed Mattingly of his dangerous living conditions, sent a request to Mattingly for a new cellmate, or otherwise notified Mattingly about any danger he was in. Plaintiff does not allege that Mattingly was aware of Plaintiff's staff complaints, or that Mattingly took direct adverse action against Plaintiff in retaliation for the staff complaints. Thus, Plaintiff has not alleged that Mattingly took adverse action against Plaintiff and Plaintiff has not alleged that Mattingly took that action because of Plaintiff's exercise of his constitutional rights. Plaintiff fails to state a cognizable claim against Defendant Mattingly for the violation of Plaintiff's First Amendment rights.

**4.    Zamora**

Plaintiff claims that Defendant Zamora violated Plaintiff's rights under the First Amendment. Plaintiff alleges that Zamora wrongfully confiscated Plaintiff's personal property and refused to respond to Plaintiff's grievances. The First Amendment does not guarantee that Plaintiff will receive responses to his grievances. Plaintiff fails to state a cognizable claim against Defendant Zamora for the violation of Plaintiff's First Amendment rights.

**5.    Collier**

Plaintiff states that he is raising a "retaliatory claim" against Collier for "initiating and maintaining lawsuits." Plaintiff has a First Amendment right to initiate and maintain lawsuits about

1   prison official misconduct.  However, Plaintiff has failed to demonstrate how Collier retaliated

2   against Plaintiff's exercise of that right.  Plaintiff does not allege what adverse action Collier took

3   against Plaintiff, nor does Plaintiff set forth facts that establish a causal nexus between any adverse

4   action and Plaintiff's protected conduct.  Plaintiff must allege facts that plausibly suggest that any

5   adverse action Collier took was because of Plaintiff's protected conduct.  Plaintiff fails to state a

6   cognizable claim against Defendant Collier for retaliation against Plaintiff's exercise of his First

7   Amendment rights.

8            **C.**      **Fourth Amendment Claim**

9         Plaintiff claims that Defendant Zamora violated Plaintiff's rights under the Fourth

10   Amendment.  Plaintiff argues that Zamora violated the Fourth Amendment by wrongfully

11   confiscating Plaintiff's personal property.  "[T]he fourth amendment does not protect an inmate from

12   the seizure and destruction of his property."  Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989).

13   "This does not mean a prisoner is without redress; it simply means a prisoner's form of redress is

14   through the fifth and fourteenth amendments."  Id.  Plaintiff's property claims against Zamora will

15   be analyzed under the Fourteenth Amendment.  See discussion infra Part III.E.4.  Plaintiff fails to

16   state a cognizable claim against Defendant Zamora for the violation of Plaintiff's Fourth Amendment

17   rights.

18            **D.**      **Eighth Amendment Claims**

19         Plaintiff claims that Defendants violated his rights under the Eighth Amendment.  The Eighth

20   Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and

21   idealistic concepts of dignity, civilized standards, humanity and decency.'"  Estelle v. Gamble, 429

22   U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)).  A prison

23   official violates the Eighth Amendment only when two requirements are met: (1) the objective

24   requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834

25   (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that

26   the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298).

27   The objective requirement that the deprivation be "sufficiently serious" is met where the prison

28   official's act or omission results in the denial of "the minimal civilized measure of life's necessities".

1   Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  The subjective requirement that the

2   prison official has a "sufficiently culpable state of mind" is met where the prison official acts with

3   "deliberate indifference" to inmate health or safety.  Id. (quoting Wilson, 501 U.S. at 302-303).  A

4   prison official acts with deliberate indifference when he/she "knows of and disregards an excessive

5   risk to inmate health or safety".  Id. at 837.  "[T]he official must both be aware of facts from which

6   the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

7   inference."  Id.

8                    **1.     Shannon, Hudgins, Parks, and Voss**

9          Plaintiff claims that Defendants Shannon, Hudgins, Parks, and Voss violated his Eighth

10  Amendment rights by systematically denying or ignoring his inmate appeals complaining about

11  prison official misconduct.  Plaintiff's theory is that Shannon, Hudgins, Parks, and Voss are appeals

12  coordinators responsible for the processing of complaints from inmates.  Plaintiff claims that their

13  continual denial of Plaintiff's complaint enabled correctional officers to engage in wanton

14  misconduct because their behavior was not held in check by appeals coordinators.  Plaintiff

15  concludes that the failure by Shannon, Hudgins, Parks, and Voss to adequately discipline

16  correctional officers caused Plaintiff to be housed in dangerous conditions of confinement where

17  correctional officers can freely violate Plaintiff's constitutional rights.

18         The Court finds that Plaintiff's claims against Defendants Shannon, Hudgins, Parks, and

19  Voss fail as a matter of law.  Plaintiff seeks to hold Shannon, Hudgins, Parks, and Voss vicariously

20  liable for the constitutional violations of other prison officials.  A similar theory of section 1983

21  liability has already been rejected by the Supreme Court in the context of ignoring complaints about

22  police misconduct.  Rizzo v. Goode, 423 U.S. 362, 375-76 (1976) (rejecting claim that defendants'

23  failure to adequately deal with civilian complaints about police misconduct is sufficient to hold them

24  liable for future acts of police misconduct).  In order to state a claim against a state official under

25  section 1983, a plaintiff must allege some direct personal participation by the defendant.  Taylor v.

26  List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Here, there is no indication that Shannon, Hudgins, Parks,

27  and Voss explicitly implemented a policy of denying and ignoring inmate appeals for the intended

28  purpose of putting inmates at risk of correctional officer misconduct.  Nor does Plaintiff allege that

12

Shannon, Hudgins, Parks, and Voss were made aware of specific threats of future violations, had the opportunity to prevent the violation from occurring, and failed to do so.

Plaintiff claims that Shannon, Hudgins, Parks, and Voss have a duty to prevent hypothetical future constitutional violations based on the fact that prison officials committed violations in the past and therefore there was a statistical likelihood that constitutional violations would occur again in the future. Plaintiff's theory is too attenuated to support a claim against Defendants Shannon, Hudgins, Parks, and Voss. In order to state a cognizable claim, Plaintiff must allege some facts that would support a claim that Shannon, Hudgins, Parks, and Voss either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff fails to state any cognizable claims against Defendants Shannon, Hudgins, Parks, and Voss for the violation of Plaintiff's rights under the Eighth Amendment.

### 2. Mattingly

Plaintiff claims that Defendant Mattingly violated the Eighth Amendment because Plaintiff was housed with incompatible cellmates. However, it is unclear whether Mattingly housed Plaintiff with incompatible cellmates, or if Plaintiff is complaining that another prison official was responsible for housing Plaintiff with incompatible cellmates. Plaintiff alleges that Mattingly is the associate warden in charge of keeping inmates housed safely, but does not allege that Plaintiff informed Mattingly of his dangerous living conditions, sent a request to Mattingly for a new cellmate, or otherwise notified Mattingly about any danger he was in. Therefore, Plaintiff has not alleged facts that demonstrate that Mattingly acted with deliberate indifference because there is no indication from Plaintiff's complaint that Mattingly had actual knowledge that Plaintiff was in danger from attack from his cellmates. Plaintiff fails to state a cognizable claim against Defendant Mattingly for the violation of Plaintiff's rights under the Eighth Amendment.

///

///

1                         **3.**        **Deshazo and John Doe #2**

2       Plaintiff claims that Defendant Deshazo violated the Eighth Amendment when he "sexually

3 assaulted Plaintiff with a foreign object." (Compl. 14.) However, Plaintiff later states: "Since

4 Defendant Deshazo tried to cover-up his fellow (CDCR) employee's gay act, Deshazo should be

5 included as a Defendant in thise case just as Defendant John Doe #2." (Compl. 14.) Thus, it is

6 unclear whether Deshazo was the prison official who sexually assaulted Plaintiff, or whether Plaintiff

7 is attempting to hold Deshazo liable for covering up another prison official's sexual assault, which

8 generally is not sufficient to state a claim under § 1983. The Court also notes that Plaintiff's

9 unadorned conclusion that he was "sexual assaulted" is too short and vague to form the basis of a

10 cognizable claim. Plaintiff provides no details of the alleged sexual assault. Thus, it is unclear

11 whether the "sexual assault" was intentional or accidental, or whether it could be objectively

12 described as "sufficiently serious" or merely de minimis contact. It is unclear whether the "assault"

13 was physical in nature or verbal in nature. Further, Plaintiff provides no allegations describing the

14 extent of John Doe #2's involvement in the alleged incident. Plaintiff fails to state any cognizable

15 claims against Defendants Deshazo and John Doe #2 for the violation of Plaintiff's rights under the

16 Eighth Amendment.

17                         **4.**        **Rumbles and John Doe #1**

18       Plaintiff claims that Defendants Rumbles and John Doe #1 violated Plaintiff's rights under

19 the Eighth Amendment. Plaintiff alleges that Rumbles sexually harassed Plaintiff, intimidated

20 Plaintiff, and challenged Plaintiff to physical altercations. Rumbles also arranged for another guard,

21 John Doe #1, to physically assault Plaintiff. John Doe #1 assaulted Plaintiff by securing Plaintiff's

22 handcuffs tightly and roughly escorting Plaintiff to a holding cell. Plaintiff still has scars on his wrist

23 from the incident.

24       Plaintiff's allegations that Rumbles challenged Plaintiff to physical altercations are not

25 sufficient to state a claim under the Eighth Amendment. Verbal harassment or abuse alone does not

26 rise to the level of an Eighth Amendment violation. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th

27 Cir. 1987). Verbal threats also do not rise to the level of an Eighth Amendment violation. Gaut v.

28 Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Similarly, Plaintiff's claims that he was sexually harassed

1  are not sufficient to state a claim under the Eighth Amendment. Plaintiff fails to describe the sexual

2  harassment and it is therefore unclear whether he suffered physical harassment, or mere verbal

3  harassment. If he did suffer physical sexual harassment, Plaintiff has failed to provide any indication

4  that it was "sufficiently serious" to support an Eighth Amendment claim.

5      Where prison officials are accused of using excessive physical force, the issue is "'whether

6  force was applied in a good-faith effort to maintain or restore discipline, or maliciously and

7  sadistically to cause harm.'" Hudson v. McMillian, 503 U.S. 1, 6 (1992) (quoting Whitley v. Albers,

8  475 U.S. 312, 320-321 (1986)). Factors relevant to the analysis are the need for the application of

9  force, the relationship between the need and the amount of force that was used and the extent of the

10 injury inflicted. Whitley, 475 U.S. at 321. Other factors to be considered are the extent of the threat

11 to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis

12 of the facts known to them, and any efforts made to temper the severity of a forceful response. Id.

13 The infliction of pain in the course of a prison security measure "does not amount to cruel and

14 unusual punishment simply because it may appear in retrospect that the degree of force authorized

15 or applied was unreasonable, and hence unnecessary." Id. at 319. Prison administrators "should be

16 accorded wide-ranging deference in the adoption and execution of policies and practices that in their

17 judgment are needed to preserve internal order and discipline and to maintain institutional security."

18 Id. at 321-322 (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970)).

19     Plaintiff claims that Rumbles arranged for John Doe #1 to maliciously assault Plaintiff for

20 no penological purpose. "When prison officials maliciously and sadistically use force to cause harm,

21 contemporary standards of decency always are violated."  Hudson v. McMillian, 503 U.S. 1, 9

22 (1992).  While the de minimis incidents of malevolent touching does not rise to the level of an

23 Eighth Amendment violation, id. at 9-10, Plaintiff claims to have suffered long-term scarring from

24 the incident, indicating that the use of force was more than de minimis. Plaintiff states a cognizable

25 claim against Defendants Rumbles and John Doe #1 for the violation of Plaintiff's rights under the

26 Eighth Amendment.

27 ///

28 ///

## 5.   **Central Control Defendants**

Plaintiff claims that "Central Control Staff" at PVSP violated Plaintiff's rights under the Eighth Amendment.  Central Control Defendants claimed that Plaintiff was not in his assigned cell during count and Plaintiff was accused of delaying count.  Plaintiff claims that he had a valid excuse because he was supposed to be at his assigned kitchen job.  Plaintiff fails to demonstrate that being accused of delaying count is "sufficiently serious" to warrant Eighth Amendment protection.  Plaintiff also fails to establish that Central Control Defendants acted with deliberate indifference.  There is no indication that there was any excessive risk to Plaintiff's health or safety, and if there was an excessive risk to Plaintiff's health or safety, there is no indication that Central Control Defendants were aware of that risk when they accused Plaintiff of delaying count.  There is no indication that Central Control Defendants had actual knowledge that Plaintiff had a valid excuse to not be present during count and that they deliberately accused Plaintiff of delaying count in order to expose Plaintiff to an excessive risk to his health or safety.  Plaintiff fails to state any claims against Central Control Defendants for the violation of Plaintiff's rights under the Eighth Amendment.

## 6.   **Huckaby, Lantz, Fugate and Redding**

Plaintiff claims that Defendants Huckaby, Lantz, Fugate and Redding violated Plaintiff's rights under the Eighth Amendment through their deliberate indifference to serious threats to Plaintiff's safety.  "Prison officials have a duty to take reasonable steps to protect inmates from physical abuse."  Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982).  To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).  To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference."  Farmer, 511 U.S. at 837.

Plaintiff claims that Huckaby, Lantz, Fugate, and Redding knew of certain inmates who posed a threat to Plaintiff's safety.  However, Plaintiff's allegations lack factual details that elaborate

16

on the extent of the threat to his safety.  Plaintiff must support his claims with enough factual specificity to render his claims plausible.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff fails to describe the basis of the threat: how the threat originated, when the threat was made, or why the threat was made. Plaintiff also fails to specifically allege whether the other inmates had a reasonable opportunity to carry out the threat.  If Plaintiff was under the adequate protection of the prison authorities and there was no reasonable opportunity to carry out the threat, there was no violation of Plaintiff's constitutional rights.  Finally, Plaintiff fails to identify what further action Huckaby, Lantz, Fugate, and Redding were constitutionally obligated to take, and whether they had the authority and the reasonable opportunity to intercede.  The Court notes that Plaintiff has not alleged that he was actually assaulted.  If Plaintiff was not actually attacked, it is unclear what further actions Huckaby, Lantz, Fugate and Redding should have taken to protect Plaintiff.  Plaintiff should also explain the discrepancy between the fact that he alleges that he was at risk of being attacked by other inmates, and the fact that he was never actually attacked.

Plaintiff is also advised that the deliberate indifference standard is only met when prison officials have actual knowledge of a threat to Plaintiff's safety.  It is not enough to prove that prison officials should have known of a threat to Plaintiff's safety.  Thus, if Huckaby, Lantz, Fugate, and Redding did not actually believe that Plaintiff was in any danger, they did not act with deliberate indifference, no matter how unreasonable their conclusion about Plaintiff's safety was.  Prison officials do not violate the Eighth Amendment by negligently failing to acknowledge a risk to a prisoner's safety.  Plaintiff must specifically allege that Huckaby, Lantz, Fugate, and Redding actually believed that Plaintiff's life was in danger and failed to act to protect Plaintiff, despite having both the authority and opportunity to do so.  Plaintiff fails to state any cognizable claims against Defendants Huckaby, Lantz, Fugate, and Redding for the violation of Plaintiff's rights under the Eighth Amendment.

### 7.   Collier

Plaintiff claims that Defendant Collier violated Plaintiff's rights under the Eighth Amendment.  However, Plaintiff fails to describe anything Collier did or failed to do.  Plaintiff fails

17

1  to state any cognizable claims against Defendant Collier for the violation of Plaintiff's rights under

2  the Eighth Amendment.

3       **E.**     **Fourteenth Amendment Due Process Claims**

4       Plaintiff claims that Defendants violated his rights under the Due Process Clause of the

5  Fourteenth Amendment.  The Due Process Clause protects prisoners from being deprived of liberty

6  without due process of law.  <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974).  In order to state a

7  cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty

8  interest for which the protection is sought.  Liberty interests may arise from the Due Process Clause

9  itself or from state law.  <u>Hewitt v. Helms</u>, 459 U.S. 460, 466-68 (1983).  Liberty interests created by

10  state law are generally limited to freedom from restraint which "imposes atypical and significant

11  hardship on the inmate in relation to the ordinary incidents of prison life."  <u>Sandin v. Conner</u>, 515

12  U.S. 472, 484 (1995).  In determining whether a hardship is sufficiently significant enough to

13  warrant due process protection, the Court looks to (1) whether the challenged condition mirrored

14  those conditions imposed upon inmates imposed upon inmates in administrative segregation and

15  protective custody and is thus within the prison's discretionary authority to impose, (2) the duration

16  of the condition and the degree of restraint imposed; and (3) whether the state's action will invariable

17  affect the duration of the prisoner's sentence.  <u>Ramirez v. Galaza</u>, 334 F.3d 850, 861 (9th Cir. 2003).

18       **1.**     **Shannon, Hudgins, Parks, and Voss**

19       Plaintiff claims that Defendants Shannon, Hudgins, Parks, and Voss violated Plaintiff's rights

20  under the Due Process Clause of the Fourteenth Amendment by failing to process his inmate appeals.

21  Inmates have no liberty interest in the processing of an inmate appeal because inmates lack a separate

22  constitutional entitlement to a specific prison grievance procedure.  <u>Ramirez v. Galaza</u>, 334 F.3d

23  850, 860 (9th Cir. 2003) (citing <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988)).  The failure to

24  timely process inmate appeals pursuant to state prison regulations is not an "atypical and significant

25  hardship on the inmate in relation to the ordinary incidents of prison life."  Nor did the delay, denial,

26  or screening-out of Plaintiff's inmate appeals, even if erroneous, result in an "atypical and significant

27  hardship".  Plaintiff has no protected liberty interest in the vindication of his administrative claims.

28  ///

Plaintiff has no liberty interest in the processing of inmate appeals.  Therefore, Plaintiff's allegations that Defendants Shannon, Hudgins, Parks, and Voss denied or ignored his inmate appeals cannot serve as the basis of a due process claim.  Plaintiff does not have a constitutional entitlement to the processing of his inmate appeals.  Plaintiff fails to state any claims against Defendants Shannon, Hudgins, Parks, and Voss for the violation of his rights under the Due Process Clause of the Fourteenth Amendment.

## 2.    **Mattingly**

Plaintiff claims that Defendant Mattingly violated Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment.  Plaintiff claims that he sent numerous "requests for interview" complaining about the fact that his witnesses were not allowed to attend his rules violation hearing, that the investigative reporter did not ask key questions to Plaintiff's "star witness," that adverse witnesses were not given polygraph tests, and that the hearing was otherwise "prejudiced."  However, it is unclear how denying or ignoring a "request for interview" implicates a protected liberty interest under the Due Process Clause.  Only "atypical and significant" deprivations are recognized as liberty interests and it is unclear how denying or ignoring a "request for interview" is atypical or significant.  To the extent that Plaintiff is claiming Mattingly should have intervened and prevented the procedural violations at his disciplinary hearing from occurring, his claims are barred by Heck.  See discussion supra Part III.A.  Plaintiff fails to state a cognizable claim against Defendant Mattingly for the violation of the Due Process Clause of the Fourteenth Amendment.

## 3.    **Deshazo and John Doe #2**

Plaintiff claims that Defendants Deshazo and John Doe #2 violated the Fourteenth Amendment when he "sexually assaulted Plaintiff with a foreign object."  Plaintiff fails to provide any description of the sexual assault, so it is unclear how the Fourteenth Amendment is implicated by the sexual assault.  Further, prisoners are explicitly protected from physical abuse by the Eighth Amendment's prohibition on cruel and unusual punishment.  "[W]here a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the

1   guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996)

2   (citations, internal quotations, and brackets omitted).  Thus, to the extent that the sexual assault

3   violated Plaintiff's constitutional rights, it should be analyzed under the Eighth Amendment, not the

4   Fourteenth Amendment.  See discussion supra Part III.D.3.

5               **4.   Zamora**

6       Plaintiff claims that Defendant Zamora violated the Fourteenth Amendment when he

7   wrongfully confiscated Plaintiff's personal property and respond to Plaintiff's grievances.  The

8   failure to respond to Plaintiff's grievances does not violate the Fourteenth Amendment because

9   Plaintiff does not have a liberty interest in the processing of his grievances.  See discussion supra

10  Part III.E.1.

11      Plaintiff claims that the wrongful confiscation of his property violated his rights under the

12  Fourteenth Amendment.  The Due Process Clause protects prisoners from being deprived of property

13  without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a

14  protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir.1974).

15      Plaintiff does not provide any details describing the property confiscation.  Plaintiff does not

16  describe what property was confiscated, how it was confiscated, when it was confiscated, or whether

17  it was stolen by Zamora or confiscated pursuant to prison regulations.  Thus, it is unclear whether

18  the confiscation violated his due process rights.  Whether a deprivation of property rises to the level

19  of a constitutional violation depends on whether the deprivation was negligent or unauthorized.  A

20  negligent deprivation of property does not violate the Due Process Clause when adequate post-

21  deprivation remedies are available because pre-deprivation process is impracticable since the state

22  cannot know when such deprivations will occur.  Hudson v. Palmer, 468 U.S. 517, 533 (1984).

23  Similarly, an intentional, but unauthorized, deprivation of property does not violate the Due Process

24  Clause when adequate post-deprivation remedies are available.  Id.  California Law provides an

25  adequate post-deprivation remedy for any unauthorized property deprivations.  Barnett v. Centoni,

26  31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).  Thus, Plaintiff has no

27  cognizable section 1983 claim for the deprivation of his property if it was done in an intentional but

28  unauthorized manner, or if it was done in a negligent manner.  Plaintiff fails to state a cognizable

claim against Defendant Zamora for the violation of Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment.

### 5.      Rumbles and John Doe #1

Plaintiff claims that Defendants Rumbles and John Doe #1 violated Plaintiff's rights under the Fourteenth Amendment.  Plaintiff alleges that Rumbles sexually harassed Plaintiff, intimidated Plaintiff, and challenged Plaintiff to physical altercations.  Rumbles also arranged for another guard, John Doe #1, to physically assault Plaintiff.  The right at issue, the right to be free from cruel and unusual punishment, is explicitly protected by the Eighth Amendment and Plaintiff's claims will be analyzed as Eighth Amendment claims.  See discussion supra Part III.D.4.  Plaintiff fails to state any claims against Defendants Rumbles and John Doe #1 for the violation of Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment.

### 6.      Huckaby, Lantz, Fugate and Redding

Plaintiff claims that Defendants Huckaby, Lantz, Fugate, and Redding violated Plaintiff's rights under the Fourteenth Amendment by ignoring serious threats to Plaintiff's safety.  Plaintiff's right to be protected against excessive risks to his safety is explicitly protected under the Eighth Amendment.  Plaintiff's claims will be analyzed as Eighth Amendment claims, not Fourteenth Amendment claims.  See discussion supra Part III.D.6.  Plaintiff fails to state any claims against Defendants Huckaby, Lantz, Fugate, and Redding for the violation of Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment.

### F.      Fourteenth Amendment Equal Protection Claims

Plaintiff alleges that "Central Control Staff" at PVSP violated his rights under the Equal Protection Clause of the Fourteenth Amendment.  The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). A plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally discriminated against on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the

///

21

plaintiff's membership in a suspect class, such as race. <u>Thornton v. City of St. Helens</u>, 425 F.3d 1158, 1167 (9th Cir.2005).

Central Control Defendants claimed that Plaintiff was not in his assigned cell during count and Plaintiff was accused of delaying the count. There is no allegation that Central Control Defendants discriminated against him. There are no factual allegations that even remotely support the conclusion that Central Control Defendants treated Plaintiff differently based on his membership in any identifiable class. Plaintiff fails to state any cognizable claims against Central Control Defendants for violating Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment.

**G.    Unrelated Claims**

Plaintiff's complaint describes multiple unrelated incidents involving different sets of defendants. A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a) allows a plaintiff to add multiple parties to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions." However, unrelated claims that involve different defendants must be brought in separate lawsuits. <u>See</u> <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act.[2]  28 U.S.C. § 1915(g).

Plaintiff will be given an opportunity to file an amended complaint curing the deficiencies in his claims. In order to bring multiple claims in a single lawsuit, Plaintiff demonstrate that the Federal Rules of Civil Procedure permit the claims to be brought in a single lawsuit. Plaintiff must demonstrate how his right to relief arose out of the same "transaction, occurrence, or series of transactions." Any further attempt to raise unrelated claims against different defendants in a single

///

---

[2]The Prison Litigation Reform Act allows prisoners to file complaints without prepayment of the filing fee unless they have previously filed three frivolous suits as a prisoner. 28 U.S.C. §1915(a),(g).

1   lawsuit will result in the claims being severed and dismissed.  Plaintiff must raise the unrelated
2   claims in a separate lawsuit.

3       **H.    Use of Exhibits**

4       Plaintiff has attached approximately 149 pages worth of exhibits to his complaint.  While
5   exhibits are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary
6   in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  Plaintiff is advised that under Rule 8
7   of the Federal Rules of Civil Procedure, Plaintiff is only obligated to provide "a short and plain
8   statement of [his] claim", Plaintiff is not obligated to prove the allegations in his complaint at this
9   stage.  Attaching a large number of exhibits to a complaint will result in the complaint being
10  dismissed for failure to comply with Federal Rule of Civil Procedure 8, as it will render the
11  complaint to be neither a "short" nor "plain" statement of Plaintiff's claims.

12      In addition, Plaintiff may not attach exhibits to his complaint for the purpose of using them
13  as evidence at later stages in litigation.  This court will not serve as a storehouse for Plaintiff's
14  evidence.  Evidence should not be submitted to the court until this action reaches an appropriate
15  stage in litigation for the submission of evidence, such as in response to a motion for summary
16  judgment, at trial, or when specifically requested by the court.  Further, if and when this action does
17  reach an appropriate stage in litigation for the submission of evidence, Plaintiff will not be able to
18  refer to exhibits attached to his complaint as evidence.  Evidence must be submitted at the proper
19  time and under the proper procedures.  Attaching exhibits to the complaint is not the proper
20  procedure for admitting evidence for the purpose of proving Plaintiff's allegations.

21      Further, the Court will not permit Plaintiff to rely exclusively on exhibits for the presentation
22  of the critical facts to his case.  Rule 8 requires Plaintiff to provide a "short and plain" statement of
23  his claims.  Plaintiff may not attach a large number of exhibits to his claims with the expectation that
24  the Court will read the exhibits and extract the necessary factual pieces to construct a cognizable
25  claim on Plaintiff's behalf.  The burden of presenting the facts of his case in a "short and plain"
26  manner must be carried by Plaintiff--the Court will not do the work for him.  Although the Court will
27  liberally construe Plaintiff's complaint, sifting through unidentified prison documents and
28  formulating claims on Plaintiff's behalf crosses the line between liberal construction and advocating

1  on Plaintiff's behalf.  To the extent that the factual deficiencies in Plaintiff's claims are cured by

2  facts revealed in his exhibits but not in the body of his complaint, Plaintiff is advised that he should

3  file an amended complaint that specifically alleges those facts instead of relying exhibits to present

4  those facts.

5  **IV.   Conclusion and Order**

6  Plaintiff's complaint states cognizable claims against Defendants Rumbles and John Doe #1

7  for use of excessive force in violation of the Eighth Amendment.  Plaintiff's complaint fails to state

8  claims against any other defendants.  The Court will provide Plaintiff with the opportunity to file an

9  amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809

10 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new,

11 unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no

12 "buckshot" complaints).

13 If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only

14 on his Eighth Amendment claims against Defendants Rumbles and John Doe #1, Plaintiff may so

15 notify the Court in writing, and the Court will issue a recommendation for dismissal of the other

16 claims and defendants, and will forward Plaintiff one (1) summons and one (1) USM-285 forms for

17 completion and return.[3]  Upon receipt of the forms, the Court will direct the United States Marshal

18 to initiate service of process.

19 If Plaintiff opts to amend, his amended complaint should be brief.  Fed. R. Civ. P. 8(a).

20 Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's

21 constitutional or other federal rights: "The inquiry into causation must be individualized and focus

22 on the duties and responsibilities of each individual defendant whose acts or omissions are alleged

23 to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

24 With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P.

25 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  In other

26

27 _____

       [3]The Court cannot initiate service of process on unidentified defendants.  Plaintiff will be given the

28 necessary forms to effect service on "John Doe #1" when Plaintiff has the necessary information to identify and
   locate John Doe #1.

1   words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's

2   complaint because at this stage Plaintiff's factual allegations will be accepted as true.

3        Although Plaintiff's factual allegations will be accepted as true and that "the pleading

4   standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain

5   sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

6   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). (quoting Bell Atlantic Corp. v. Twombly, 550 U.S.

7   544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that

8   allows the court to draw the reasonable inference that the defendant is liable for the misconduct

9   alleged."  Id. (citing Twombly, 550 U.S. at 556).

10        Finally, Plaintiff is advised that an amended complaint supercedes the original complaint.

11   Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

12   (9th Cir. 1987).  The amended complaint must be "complete in itself without reference to the prior

13   or superceded pleading."  Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged

14   in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d

15   at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth,

16   114 F.3d at 1474.  In other words, even the claims that were properly stated in the original complaint

17   must be completely stated again in the amended complaint.

18        Based on the foregoing, it is HEREBY ORDERED that:

19        1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

20        2.     Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

21             a.     File an amended complaint curing the deficiencies identified by the Court in

22                    this order, or

23             b.     Notify the Court in writing that he does not wish to file an amended

24                    complaint and wishes to proceed only against Defendants Rumbles and John

25                    Doe #1 for use of excessive force in violation of the Eighth Amendment; and

26   ///

27   ///

28   ///

3.      If Plaintiff fails to comply with this order, this action will be dismissed for failure to

obey a court order.


IT IS SO ORDERED.

**Dated:**   **February 2, 2010**                    _____/s/ **Gary S. Austin**_____
                                        UNITED STATES MAGISTRATE JUDGE