# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND WRIGHT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RUMBLES, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:05-cv-01485-SMS PC<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(ECF Nos. 67, 73)<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE<br><br>(ECF No. 68) |

Plaintiff Raymond Wright ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 2, 2011, the Court issued an order to show cause why this action should not be dismissed for failure to inform the Court of his change of address. (ECF No. 67.) Defendant filed a motion to dismiss based on Plaintiff's failure to prosecute on February 3, 2011. (ECF No. 68). On February 25, 2011, Plaintiff filed an opposition to Defendants' motion to dismiss. (ECF No. 71.) Defendant filed a reply on February 28, 2011. (ECF No. 72.) Plaintiff filed a response to the order to show cause on March 1, 2011. (ECF No. 73.) In his response Plaintiff states that he has kept the Court informed of his current address, but due to several address changes documents were mailed prior to the Court receiving his notice of address change. (Id.)

A review of the docket in this action reveals that prior to February 16, 2010, there was only one incident where mail was returned as undeliverable. On December 20, 2006, an order granting Plaintiff's motion to dismiss certain defendants was mailed to Plaintiff at his current address of

1

record. (ECF No. 35.) It was returned as undeliverable (refused) on April 2, 2007. (ECF No. 38.) However, documents mailed after this date to the same address were not returned and Plaintiff filed responsive pleadings indicating that he was receiving said documents. Therefore it would appear that Plaintiff's address of record was correct and an error caused the return of the document mailed December 20, 2006.

While Plaintiff's amended complaint was filed on November 21, 2006, the Court did not screen the complaint until February 2, 2010. (ECF Nos. 33, 49.) During this time period Plaintiff filed an affidavit, objection to findings and recommendations, and several notices of change of address. (ECF Nos. 40, 41, 46, 47.) Mailings to Plaintiff were returned on February, 16, 2010; September 23, 2010; January 20 and 31, 2011; and February 14, 2011. The Court notes that Plaintiff's address has been updated in this action based upon his filings in other cases.

Defendants' argument that in the past two years Plaintiff has done nothing to move this case forward is incorrect. On February 2, 2010, an order was issued requiring Plaintiff to either file an amended complaint or notify the court of his willingness to proceed on the cognizable claims within thirty days. (ECF No. 49.) On March 8, 2010, Plaintiff filed a notice of willingness to proceed on cognizable claims. (ECF No. 52.) On March 16, 2010, an order was issued directing Plaintiff to complete and return service documents within thirty days. (ECF No. 54.) On April 5, 2010, the service documents were submitted to the court. (ECF No. 55.) The action is currently in the discovery phase, which opened on September 14, 2010. (ECF No. 63.) Therefore, Defendants' motion to dismiss shall be denied.

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

It is the burden of the party to keep the court apprised of his current address. Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff is advised that he needs to file a notice of change of

address in each of his cases and not rely on the Court to search for his cases to update his address. If Plaintiff fails to keep the Court informed of his current address this action will be dismissed for failure to prosecute.

     Accordingly , it is HEREBY ORDERED that:

     1.     The order to show cause filed February 2, 2011, is DISCHARGED; and

     2.     Defendants' motion to dismiss for failure to prosecute filed February 3, 2011, is DENIED, without prejudice.

IT IS SO ORDERED.

**Dated:**   **March 25, 2011**          /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE