# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND WRIGHT, | CASE NO. 1:05-cv-01485-BAM PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE OPPOSITION |
| v. | |
| RUMBLES, et al., | ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AS UNTIMELY, MOTION TO AMEND SCHEDULING ORDER, AND PLAINTIFF'S MOTION FOR SANCTIONS |
| Defendants. | |
| _____/ | (ECF Nos. 81, 87, 88) |

I.   **Background**

Plaintiff Raymond Wright ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the second amended complaint, filed November 21, 2006, against Defendant Rumbles for excessive force in violation of the Eighth Amendment. On September 14, 2010, a discovery and scheduling order issued setting the pretrial scheduling deadlines. (ECF No. 63.) In the discovery and scheduling order Defendant was advised that unenumerated Rule 12(b) motions for failure to exhaust must be filed by November 14, 2010. The dispositive motion deadline was set for July 25, 2011.

On July 25, 2011, Defendant filed a motion to dismiss on the grounds that the complaint fails to state a claim upon which relief can be granted and lack of subject manner jurisdiction. (ECF No. 81.) Plaintiff filed an opposition on August 18, 2011, and Defendant filed a reply on August 22, 2011. (ECF Nos. 87, 88.)

1

**II.**   **Motion for an Extension of Time**

Included with Plaintiff's opposition is a motion for an extension of time to file his opposition. Plaintiff did not receive the motion to dismiss until August 5, 2011, and requests the Court deem his opposition timely filed.   The Court shall grant Plaintiff's motion and his opposition is deemed timely.

**III.**   **Motion to Dismiss**

Defendant argues that Plaintiff has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA").   Since Plaintiff did not exhaust administrative remedies this action should be dismissed pursuant to 42 U.S.C. § 1997e.   Additionally, Defendant requests an opportunity to file a motion for summary judgment should this motion be denied.

Plaintiff opposes the motion on the ground that the motion is untimely and he did exhaust his available administrative remedies.   Plaintiff states that he submitted a timely inmate appeal which was destroyed.   Plaintiff requests that the motion be denied, sanctions be imposed for Defendant's improper conduct in bringing the untimely motion, and that he be allowed to file a motion for summary judgment.

Defendant replies that under the PLRA he is entitled to bring the motion for failure to exhaust before being subject to suit.   Since Plaintiff's appeal was not submitted to the second level for review, Plaintiff has failed to exhaust his administrative remedies and the motion to dismiss should be granted.

While Defendant states that he brings this motion for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted, he only argues dismissal on the ground that Plaintiff failed to exhaust his administrative remedies.   Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   42 U.S.C. § 1997e(a).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense which defendants have the burden of raising and proving the absence of exhaustion.   Lira v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005).   The failure to exhaust nonjudicial administrative

remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).

In the discovery and scheduling order, Defendant was informed that a motion for failure to exhaust must be brought by November 14, 2010, and extensions of time would only be granted upon a showing of good cause.  Defendant did not file a motion for an extension of time and the motion for failure to exhaust shall be denied as untimely.

**III.    Request to Amend Scheduling Order**

Defendant and Plaintiff request the scheduling order be amended to allow them to file a motion for summary judgment.  Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  The pleadings submitted by the parties is devoid of any mention of the reason the dispositive motions were not able to be filed in compliance with the deadlines set forth in the scheduling order.  Since the parties have failed to show good cause, the motions to amend the scheduling order shall be denied.

**IV.    Motion for Sanctions**

Plaintiff moves for Defendant to be sanctioned for bringing the untimely motion to dismiss.  The Court has inherent power to sanction parties or their attorneys for improper conduct.  Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).  The imposition of sanctions under the court's inherent authority is discretionary.  Air Separation, Inc. v. Underwriters at Lloyd's of London, 45 F.3d 288, 291 (9th Cir. 1995).  The court's "inherent power 'extends to a full range of litigation abuses.'"  Fink, 239 F.3d at 992 (quoting Chambers, 501 U.S. at 46-47).  However, in order to sanction a litigant under the court's inherent powers, the court must make a specific finding of "bad faith or conduct tantamount to bad faith."  Fink, 239 F.3d at 994.

Plaintiff argues that sanctions should be imposed upon Defendant because he had to respond to the motion and his attention was taken away from research on his criminal case.  Plaintiff does not allege that Defendants were aware of his criminal case and there is no evidence before the Court that Defendant's motion was filed for any improper purpose.  While the motion should have been filed by the unenumerated Rule 12 motion deadline, the Court declines to find that submitting the motion on the dispositive motion deadline was "bad faith or conduct tantamount to bad faith."  Fink, 239 F.3d at 994.  Accordingly, Plaintiff's motion for sanctions shall be denied.

**V.      Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's motion for an extension of time is GRANTED and his opposition is deemed timely;

2.      Defendant's motion to dismiss for failure to exhaust administrative remedies is DENIED as untimely;

3.      The parties request to modify the scheduling order to allow further dispositive motions is DENIED; and

4.      Plaintiff's motion for sanctions is DENIED.


IT IS SO ORDERED.

**Dated:**    **November 3, 2011**                    **/s/ Barbara A. McAuliffe**
                                      UNITED STATES MAGISTRATE JUDGE