# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND WRIGHT, | CASE NO. 1:05-cv-01485-BAM PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR THE ATTENDANCE OF INCARCERATED WITNESSES (ECF No. 95) |
| v. | |
| RUMBLES, et al., | ORDER GRANTING PLAINTIFF'S MOTION FOR COPIES (ECF No. 93) |
| Defendants. | |

Plaintiff Raymond Wright ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is set for jury trial on January 30, 2012. On December 6, 2011, Plaintiff filed a pretrial statement, motion for the attendance of incarcerated witnesses, and motion for copies of the pretrial statement and motion for attendance of incarcerated witnesses.

Plaintiff is advised that it is his responsibility to keep copies of any documents that he submits to the court and he needs to take whatever steps necessary, whether it be hand copying the document or planning ahead to allow himself enough time to obtain the copies prior to submitting his pleadings. If Plaintiff needs additional time to obtain copies of his pleadings he needs to file a motion for extension of time prior to the deadline provided by the court.

Generally, the Clerk's Office will provide copies for Plaintiff at a cost of $0.50 per page. The Court will make an exception in this instance and will direct the Clerk's Office to provide a copy of the pretrial statement and motion for the attendance of incarcerated witnesses at no charge. However, Plaintiff is advised that any further copies will need to paid for by Plaintiff. Defendants

1 received a copy of his motion and pretrial statement through the electronic filing system and
2 therefore it is unnecessary for the Court to send copies of the documents to Defendants.

3       In determining whether to grant Plaintiff's motion for the attendance of his proposed
4 witnesses, factors to be taken into consideration include (1) whether the inmate's presence will
5 substantially further the resolution of the case, (2) the security risks presented by the inmate's
6 presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until
7 the inmate is released without prejudice to the cause asserted. Wiggins v. County of Alameda, 717
8 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994)
9 (district court did not abuse its discretion when it concluded the inconvenience and expense of
10 transporting inmate witness outweighed any benefit he could provide where the importance of the
11 witness's testimony could not be determined), *abrogated on other grounds by* Sandin v. Conner, 515
12 U.S. 472, 115 S.Ct. 2293 (1995).

13       In the second scheduling order, issued November 4, 2011, Plaintiff was informed that he
14 could meet the requirement to show that witnesses possess actual knowledge by himself swearing
15 a declaration under penalty of perjury that the prospective witness has actual knowledge or by filing
16 a declaration signed under penalty of perjury by the witness in which the witness describes the
17 relevant facts that he witnessed. (Second Scheduling Order 2:6-3:18.) The declaration, whether by
18 Plaintiff or the inmate witness, must be specific about the incident and how the prospective witness
19 was in a position to see or hear what occurred. (Id.)

20       Plaintiff states that he wants to have inmates R. Bannon, CDCR # P-81912; Bates, CDCR
21 #T-79942; Thomas Gillespie, CDCR # V-37461; Bobby Manning, CDCR # T-95651; Brown, CDCR
22 # D-41528; Ronnie Cox, CDCR # E-13348; Reginald Golson, CDCR # V-08355; David Martin,
23 CDCR # C-34463; Beaudry CDCR # V-35467; Bowman, CDCR #T-67726; and Anthony R. Turner,
24 CDCR # C-69810, transported for trial. The Court has reviewed all three documents filed on
25 December 6, 2011, and a declaration filed December 15, 2011. Plaintiff's motion is devoid of
26 information indicating that any "prospective witness has actual knowledge of relevant facts"
27 regarding this action. (Second Scheduling Order 2:9-11.) Accordingly, Plaintiff motion for the
28 attendance of incarcerated witnesses is denied.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for copies of Plaintiff's pretrial statement and motion for the attendance of incarcerated witnesses, filed December 6, 2011, is GRANTED;

2. The Clerk's office is directed to send copies of the pretrial statement and motion for the attendance of incarcerated witnesses (ECF Nos. 94, 95) to Plaintiff; and

3. Plaintiff's motion for the attendance of incarcerated witnesses, filed December 6, 2011, is DENIED.

IT IS SO ORDERED.

Dated: **January 1, 2012**              /s/ **Barbara A. McAuliffe**
                                         UNITED STATES MAGISTRATE JUDGE